UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY CAMPBELL AND KENNETH CAMPBELL | CIVIL ACTION |
| VERSUS | NO. 14-897 |
| UNITED STATES OF AMERICA, ET AL. | SECTION "C" (2) |

### ORDER

Before the Court is the Motion to Dismiss Claims for Lack of Subject Matter Jurisdiction by defendants Ronnie J. Fairley, the Federal Emergency Management Agency, and the United States Department of Homeland Security. Rec. Doc. 9. Plaintiffs do not oppose. Rec. Doc. 16. Having considered the record and the law, the motion is hereby GRANTED.

A motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) should be granted if it appears certain that the plaintiff cannot prove a valid basis for the court's exercise of jurisdiction. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party asserting jurisdiction bears the burden of proof on a motion under Rule 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

This matter arises out of a motor vehicle accident involving plaintiffs and defendant Fairley on January 25, 2013 at the intersection of Leonidas Street and Earhart Boulevard, New Orleans, Louisiana. Rec. Doc. 1. Plaintiffs commenced this lawsuit against all defendants on April 17, 2014, under the Federal Tort Claims Act (FTCA), which provides the exclusive mode of recovery for damages caused by federal employees acting in the course and scope of their employment. 28 U.S.C. § 2679(b)(1).

Pursuant to the FTCA, upon certification by the Attorney General that a federal employee was acting within the scope of his employment at the time of an incident, any civil action arising out of that incident shall be deemed against the United States itself. 28 U.S.C. § 2679(d)(1), (2). The United States Attorney for the Easter District of Louisiana has certified that at all times relevant to this lawsuit defendant Ronnie J. Fairly was acting within the course and scope of his federal employment. Rec. Doc. 9-2. Accordingly, the United States must be substituted for Fairley, and all claims against Fairley must be dismissed.

Further, under the FTCA, an individual agency is not a proper party defendant. 28 U.S.C. 2679; *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Therefore, all claims against the Federal Emergency Management Agency and the United States Department of Homeland Security must be dismissed in this action.

Accordingly,

IT IS ORDERED that defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED. Rec. Doc. 9.

New Orleans, Louisiana, this 5th day of August, 2014

          **HELEN G. BERRIGAN**
          **UNITED STATES DISTRICT JUDGE**